IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-50081
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

    versus

15530 CLOUD TOP, SAN ANTONIO, BEXAR COUNTY, TEXAS,

                                    Defendant,

HARLAN D. VANDER ZEE,

                                    Movant-Appellant,

    versus

STONE OAK NATIONAL BANK; ET AL.,

                                    Claimants,

STONE OAK NATIONAL BANK,

                                    Claimant-Appellee,

STONE OAK BANKSHARES, INC.,

                                    Appellee.

    - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

    versus

ONE 1988 GMC 1500 SLX SIERRA PICK-UP TRUCK,
VIN: 1GTDC14K9JZ510015,

                                    Defendant,

HARLAN D. VANDER ZEE,

                                        Movant-Appellant,

     versus

STONE OAK NATIONAL BANK,

                                        Claimant-Appellee,

STONE OAK BANKSHARES, INC.,

                                        Appellee.

          - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

     versus

ONE 1989 MERCURY GRAND MARQUIS,
VIN: 2MEBM75F3KX603496,

                                        Defendant,

HARLAN D. VANDER ZEE,

                                        Movant-Appellant,

     versus

STONE OAK NATIONAL BANK,

                                        Claimant-Appellee,

STONE OAK BANKSHARES, INC.,

                                        Appellee.

          - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

     versus

ONE 1989 LINCOLN TOWNCAR,
VIN: 1LNBM81F8KY610520,

2

                                        Defendant,

HARLAN D. VANDER ZEE,

                                        Movant-Appellant,

        versus

STONE OAK NATIONAL BANK,

                                        Claimant-Appellee,

STONE OAK BANKSHARES, INC.,

                                        Appellee.

        - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

        versus

UNITED STATES CURRENCY, FUNDS, PROCEEDS, AND
MONIES REPRESENTED BY AND INCLUDING ANY AND
ALL PRINCIPAL AND INTEREST RELATED THERETO
TO CERTIFICATES OF DEPOSIT #00950, #00951,
#00952, #00953, #00962, #00963, #01004,
#01167, #01168 AT THE STONE OAK NATIONAL BANK,
SAN ANTONIO, BEXAR COUNTY, TEXAS,

                                        Defendant,

HARLAN D. VANDER ZEE,

                                        Movant-Appellant,

        versus

STONE OAK NATIONAL BANK; ET AL.,

                                        Claimants,

STONE OAK NATIONAL BANK,

                                        Claimant-Appellee,

STONE OAK BANKSHARES, INC.,

                                        Appellee.

3

No. 98-51157

In re: HARLAN D. VANDER ZEE,

                                        Petitioner.

Appeal from the United States District Court
for the Western District of Texas, San Antonio
(SA-89-CV-364 & SA-90-CV-113)

June 11, 1999

Before GARWOOD, DUHÉ and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

These consolidated proceedings are an appeal (our cause no. 98-50081) by Harlan D. Vander Zee of the district court's denial of his motion to intervene in the consolidated forfeiture actions in the San Antonio Division of the Western District of Texas (civil no. SA-89-CA 3064) and Vander Zee's "Alternative Petition for A Writ of Mandamus" (our cause no. 98-51157), which states it is filed "in the event this Court determines that the direct appeal [of the denial of intervention] is somehow unavailable."

Prior proceedings by Vander Zee in this Court include the following: *Vander Zee v. Reno*, 73 F.3d 1365 (5th Cir. February 2, 1996) (*Vander Zee I*); *Vander Zee v. Reno*, No. 95-50482 (5th Cir. Oct. 4, 1996) (unpublished) (*Vander Zee II*); and *Vander Zee v. Stone Oak Bankshares*, No. 95-50795 (5th Cir. May 19, 1997)

---
[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

4

(unpublished) (*Vander Zee III*).

The judgment in the forfeiture action in which Vander Zee sought to intervene was entered in August 1992. That judgment approved and incorporated a settlement agreement and addendum between the United States and Stone Oak National Bank (the bank) which included a provision to the effect that the bank would give written assurance to the United States Attorney for the Western District of Texas that it would not rehire Vander Zee (formerly its executive vice president) in any capacity.

That agreement is referenced in *Vander Zee I*, 73 F.3d at 1367. *Vander Zee I* was an appeal from the dismissal of Vander Zee's suit, filed in August 1993 in the Austin Division of the Western District of Texas, and not a part of the forfeiture action, asserting *Bivens* claims for damages against certain individual federal officials and claims against the United States for declaratory and injunctive relief as to the bank's said agreement respecting not rehiring Vander Zee. In part II of *Vander Zee I*, we addressed only the claims against the United States for declaratory and injunctive relief. *Id*. at 1371-72. We there noted that the Administrative Procedure Act (APA) "provides for judicial review of 'agency action' and waives sovereign immunity for claims 'seeking relief other than money damages,'" 5 U.S.C. § 702, but that "the federal courts are specifically excluded from the APA's definition of 'agency' by § 701(b)(1)(B)" and that the settlement agreement specifically provided it was not effective until approved by order of the district court. *Id*. As a result, Vander Zee's claims for

declaratory and injunctive relief against the United States in substance sought "to collaterally attack the district court's order approving the terms of the settlement," for which "the proper avenue would be to seek to intervene before the district court which has retained jurisdiction in order to enforce the terms of its order." *Id*. at 1372. A footnote was then appended stating:

> "Should the district court in that proceeding deny intervention or, although granting intervention, deny Vander Zee relief, he could seek review of each order by direct appeal (or, perhaps, mandamus, should direct appeal be for some reason unavailable)." *Id*. at 1372 n.8.

Vander Zee's motion to intervene references the above passage of *Vander Zee I* to which the above-quoted footnote is appended, and his mandamus references the footnote.

In *Vander Zee II*, we affirmed the April 1995 dismissal of a damages suit filed by Vander Zee in July 1994 in the Austin Division of the Western District of Texas against the United States under the Federal Tort Claims Act (FTCA) and against various present or former federal officials in their individual capacities, including a former Assistant Attorney General, a former United States Attorney and former Assistant United States Attorneys, an FBI agent, and employees of the Office of the Comptroller of the Currency—some of which individual defendants were also defendants in *Vander Zee I*—for diverse state law torts and *Bivens* claims.

*Vander Zee III* was a suit, likewise in the Austin Division of the Western District of Texas, by Vander Zee against the bank, its successor, and their liability insurer, for various torts, including conspiracy and intentional infliction of emotional

6

distress, and for breach of contract, including breach of an alleged oral contract to rehire him after the money-laundering litigation was over and a contract to pay his attorney's fees incurred in defending the criminal money-laundering charges. The district court dismissed all claims except the mentioned contract claims on motion for summary judgment or for directed verdict. The two referenced contract claims were submitted to the jury, which awarded Vander Zee $293,750 on the reemployment contract claim and $43,750 on the contract to pay the attorney's fees claim. The district court granted the defendants' motion for judgment notwithstanding the verdict on Vander Zee's breach of contract to reemploy claim, and on October 5, 1995, rendered judgment for Vander Zee in the amount of $43,750 on his contract to pay attorney's fees claim and for all the defendants on all other claims by Vander Zee. Vander Zee appealed and in *Vander Zee III* we affirmed that judgment.

Vander Zee filed his motion to intervene in the San Antonio forfeiture case on April 7, 1997. In the intervention, Vander Zee sought to bring claims, including damages claims, against the bank—and its successor—and the United States and to join as parties to the forfeiture action and bring tort and *Bivens* damages cross-actions against four individual defendants, including a former United States Attorney and two former Assistant United States Attorneys who had been parties defendant in *Vander Zee I* and *Vander Zee II*. These tort and *Bivens* claims were essentially the same as those litigated previously in one or more of *Vander Zee I*, *Vander*

7

*Zee II*, and *Vander Zee III*.  It is evident that the essential and overwhelmingly predominant purpose of the attempted intervention was to relitigate the damages claims previously litigated in the referenced other suits in the Austin Division of the Western District of Texas.  Vander Zee's intervention papers asserted, however, that in September 1995, in the trial of *Vander Zee III*, he had learned new facts which warranted such relitigation.

The motion to intervene was opposed by the United States and by the bank and its successor.

On November 18, 1997, the district court denied the motion to intervene, stating:

> "(1) there is no longer a live case or controversy before the Court; (2) the motion to intervene is untimely; (3) the would-be intervenor does not have sufficient interest relating to the property at issue in this consolidated in rem action to satisfy Federal Rule of Civil Procedure 24(a)(2); (4) would-be intervenor's claims share no questions of law or fact with this civil forfeiture action; and (5) post-judgment intervention almost five years after these cases were conclusively resolved will substantially prejudice both the United States and Stone Oak National Bank."

After thoroughly considering the record, the briefs, and the argument of counsel, we conclude that: (1) Vander Zee has demonstrated neither any reversible error in the district court's denial of intervention sought under Fed. R. Civ. P. 24(a) nor any abuse of discretion in the district court's denial of intervention under Fed. R. Civ. P. 24(b) and (2) Vander Zee has demonstrated no adequate grounds for issuance of mandamus.  Accordingly, so far as Vander Zee appeals the denial of intervention under Rule 24(a), the district court's judgment is AFFIRMED; so far as Vander Zee appeals

8

the denial of intervention under Rule 24(b), the appeal is DISMISSED; and, Vander Zee's petition for writ of mandamus is DENIED.

AFFIRMED in part, DISMISSED in part; mandamus DENIED